**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| THE  GRAY CASUALTY AND SURETY COMPANY, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **CIVIL ACTION NO. 11-0184-KD-N** |
| | ) |
| McCONNELL CONTRACTING, LLC, *et al*, | ) |
| | ) |
|       **Defendants.** | ) |

## ORDER

This action is before the Court on plaintiff The Gray Casualty and Surety Company's motion for default judgment (doc. 17).  Upon consideration and for the reasons set forth herein, the motion is **GRANTED in part**.[1]

I. Procedural history

In April 2011, the Gray Casualty and Surety Company (Gray) filed its complaint for indemnity and exoneration of surety alleging that defendants McConnell Contracting, LLC, William C. Mills, Bria J. Mills, Ben C. McConnell and Amy McConnell had defaulted on their General Indemnity Agreement executed in favor of Gray wherein they agreed to indemnify Gray from losses which might result from the issuance of Performance and Payment Bonds for certain road projects in Mobile County, Alabama (doc. 1).

In April 2011, the defendants were served with the summons and complaint and their responses were due in mid May  2011 (docs. 4-8).  Defendants did not answer, respond or

---

[1] Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the Court may conduct a hearing to enter a judgment if the Court needs to "conduct an accounting", "determine the amount of damages", "establish the truth of any allegation by evidence"  or "investigate any other matter."  Upon review of the pleadings, the Court finds that a hearing is not necessary. *Securities and Exchange Commission  v. Smyth*, 420 F.3d 1225, 1231-32 & n. 13 (11th Cir. 2005) (where "all essential evidence is already of record," a hearing is generally not required).

otherwise defend this action.  Gray amended its complaint at the Court's direction to properly allege the citizenship of the LLC and thus properly allege diversity jurisdiction, but there was no amendment to the substantive claims against the defendants (doc. 11).  The amended complaint was served upon the defendants by U.S. mail at their last known address (doc. 11).  Defendants did not respond to the amended complaint. Gray filed an application for entry of default which was served upon defendants and default was entered (docs.  12, 13).  Gray filed the pending motion for default judgment and supporting affidavit which were also served  upon the defendants, and they did not respond (docs. 17, 18).

II. <u>Jurisdiction</u>

Gray alleges jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In the  amended complaint, Gray alleges that it is a citizen of Louisiana, that defendants are citizens of Alabama and that the amount in controversy exceeds $75,000.00.  The complaint was signed by counsel for Gray and thus subject to Rule 11(b)(3) of the Federal Rules of Civil Procedure which provides that "[b]y presenting to the court a pleading . . .  an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support". Therefore, the Court will accept these citizenship allegations as true.

The Court must also determine whether it has personal jurisdiction over the defendants. "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 925 n. 15 (11th Cir. 2003); *see, e.g., Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.") (citation omitted).

Gray alleges that defendant Bria Mills is a citizen of Red Level, Alabama; defendant William Mills is a citizen of Atmore, Alabama; and defendants Ben and Amy McConnell are citizens of Mobile, Alabama.  The members of defendant McConnell Contracting, L.L.C.: Ben McConnell and William Mills, are citizens of Alabama. The Performance and Payment Bonds were issued by Gray to bond road projects to be performed in Mobile County, Alabama.  The General Indemnity Agreement was executed by the defendants to indemnify Gray in the event of non-performance of the road projects.  Therefore, all defendants are amenable to jurisdiction.

Defendants were served with the summons and complaint in April 2011 (docs. 4-8).  Additionally, Gray has mailed a copy of the amended complaint, the application for entry of default,[2] and motion for default judgment to the defendants at their last known address (docs. 11, 12, 17, certificates of service).  Therefore, defendants have been served with notice of this proceeding and notice of the motion for default judgment.

III. Findings of Fact

Upon consideration of the pleadings, the Court makes the following findings of fact:

Gray issued a series of Performance and Payment Bonds (the Bonds) on behalf of defendant McConnell Contracting, LLC (the LLC) and in favor of Mobile County, Alabama, for work to be performed on certain road projects in Mobile County, Alabama.  The LLC, William C. Mills, Bria J. Mills, Ben C. McConnell and Amy McConnell executed a General Indemnity Agreement (GIA) in favor of Gray as surety should the LLC not perform or pay as required under its contract with Mobile County, Alabama.  The LLC failed to pay certain subcontractors and suppliers on the projects, the County found it in default, and pursued the Bonds (doc. 1,

---

[2] When Gray first applied for entry of default (doc. 9), a question arose as to the citizenship of the members of McConnell Contracting, LLC. The Court denied the application and Gray was ordered to amend its complaint to properly allege the citizenship of the LLC(doc. 10).  Gray did so and filed its amended complaint (doc. 11).  Thus, defendants have twice been served with notice of the application of entry of default as well as the amended complaint. (*See* Certificate of Service, docs. 9, 11, 12).

complaint, doc. 11, amended complaint, doc. 18-1, Affidavit of Ivette Gualdron, Surety Claims

Counsel for Gray).

     In the complaint, Gray alleges that it had made demand to the defendants for

indemnification in the amount of $198,883.82 to cover potential losses, costs and expenses

arising from the subcontractor and supplier claims under investigation but not yet paid (doc. 1,

doc. 11). Gray also sought reimbursement for claims received, investigated, and paid to

subcontractors and suppliers claims in the amount of $192,709.11 (*Id.*).

     As of the filing of the motion for default judgment, Gray had paid the respective suppliers

and subcontractors for the following road projects:

| Walter Moore Road/Maddox Road (MCR-2000-111) | |
|---|---|
| Martin Marietta Materials, Inc. | $4,631.35 |
| Hertz Equipment Rental Corporation | $2,394.03 |
| Dean Alford Construction, Inc. | $20,212.25 |
| Able Body Labor, Inc | $9,745.13 |
| Bayou Concrete | $1,441.50 |
| Southern Enterprises, Inc.* | $1,050.00 |
| Andrews Hardware | $3,480.21 |
| | $42,954.47 |

| Kelly Road (MCR-4996-119) | |
|---|---|
| A & A Hauling, Inc. | $160.00 |
| Martin Marietta Materials, Inc. | $348.11 |
| Mobile Asphalt Co.* | 8,321.33 |
| Hertz Equipment Rental Corporation | $1,819.95 |
| | $10,649.39 |

| Pecan Street Drainage Improvements (MCR-) | |
|---|---|
| EPSEC Corporation | $23,920.00 |
| A & A Hauling, Inc. | $20,990.00 |
| Hertz Equipment Rental Corporation | $5,732.97 |
| Southern Enterprises, Inc.* | $300.00 |
| | $50,942.97 |

| Hifields Road (MCR-2004-317) | |
|---|---|
| A & A Hauling, Inc. | $8,512.50 |
| Southern Dozer and Tractor, Inc. | $9,682.50 |
| Martin Marietta Materials, Inc. | $14,479.23 |
| Mobile Asphalt Company, LLC | $44,441.20 |
| Hertz Equipment Rental Corporation | $14,940.18 |

| | |
|---|---|
| Rite Development, Inc. | $2,870.00 |
| Southern Enterprises, Inc.* | $562.50 |
| Croley Contracting | $1,200.00 |
| | $96,688.11 |

| Lake Road South (MCR-2004-310A) | |
|---|---|
| Mobile Asphalt Co.* | $1,975.76 |

| Creola Street (MCR-2004-147) | |
|---|---|
| Mobile Asphalt Co.* | $5,664.78 |

| | |
|---|---|
| Total paid[3] | $208,875.48 |

(Doc. 18-1, Gualdron Affidavit).

As to Walter Moore / Maddox Road (MCR-2000-111), the following subcontractor claims were under investigation at the time of the complaint, remain under investigation, and have not been paid:

| | |
|---|---|
| Hosea O. Weaver & Sons, Inc. | $164,334.37 |
| Bay Area Contracting, Inc. | $4,900.00 |
| Croley Contracting, Inc. | $7,176.00 |
| | $176,410.37 |

(Doc. 18-6, p. 5, doc 1, doc. 11).

Gray has incurred consultant fees, costs, and expenses in the amount of $47,420.98 and also incurred attorneys fees in the amount of $46,390.88 for the litigation, defense and settlement of claims against the Bonds (doc. 18-1, p. 6).  In the complaint, Gray sought to recover a total of $49,337.73 for both attorney's fees, costs and expenses (doc. 1, doc. 11).

Gray made demand upon the guarantor defendants to separately and severally reimburse Gray for the payments but the guarantor defendants did not respond (doc. 1, doc. 11, doc. 18-1, p. 7).  At present, Gray seeks a total amount of $302,687.34 ($208,875.48 +$47,420.98 +$46,390.88 = $302,687.34).

---

[3]  In the complaint, the claims marked by asterisk had not been paid but were listed as claims under investigation and for which Gray made demand for indemnification (doc. 1, doc. 11).

The General Indemnity Agreement signed by the guarantor defendants requires as follows:

(6) Indemnification The Indemnitors will indemnify, exonerate and hold the Surety harmless from all loss, liability, damages and expenses including, but not limited to, court costs, interest, and attorney's fees, which the Surety incurs or sustains

(a) because of having furnished any Bond,
(b) because of the failure of an Indemnitor to discharge any obligation under this Agreement,
(c) in enforcing any of the provision of this Agreement,
(d) in pursuing the collection of any loss incurred, hereunder,
(e) in the investigation of any claim submitted under any Bond, or
(f) any expense related to the defense of the Bond(s).

(Doc. 1, Complaint, Exhibit A).

IV. Standard of review

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. Fed. R. Civ. P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the clerk must enter default. Fed.R.Civ.P. 55(b)(1). In all other circumstances, such as here, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

The Court of Appeals for the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). Moreover, "before entering a

default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (emphasis omitted).  Therefore, Gray must establish a "prima facie liability case" against the defendants. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).

Also, when assessing default judgment damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).  Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

V.  Analysis

Upon review of the pleadings, the Court is satisfied that the well-pleaded allegations state a basis for relief and that there is a substantive, sufficient factual basis for the relief sought by Gray.  Specifically, Gray has provided sufficient evidence that the parties entered into a general indemnification agreement pursuant to which Gray may seek indemnification and exoneration from the defendants. *See Frontier Ins. Co. v. International, Inc.*, 124 F.Supp.2d 1211, 1214 (N.D. Ala. 2000) (finding that "based on both contractual and statutory rights, where a surety has sufficiently demonstrated that it has made payments on bonds issued on behalf of its principal, the surety may recover those payments, interest, and expenses, including attorney's fees, as a matter of law").  Additionally, Gray has provided sufficient evidence of the amount spent to pay the subcontractors or suppliers on each of the bonded projects after McConnell Construction's default, ($208,875.48) the expenses of investigation of the subcontractors' or suppliers' claims, and the attorney's fees expended. (*See* Gualdron Affidavit, doc. 18-1).

However, Rule 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount what is demanded in the pleadings." Fed. R. Civ. P. 54(c).  At the time of the

complaint, Gray  made demand for reimbursement in the amount of $192,709.11 for subcontractor and supplier claims paid and made demand for indemnification in the amount of $198,883.82 for such claims under investigation[4] (doc. 1, doc. 11).  Gray now states that it has paid a total of $208,875.48.  Comparison of the complaint and affidavit shows that this sum is composed of claims already paid at the time the complaint was filed and claims which were listed in the complaint as under investigation and subsequently paid.[5]  Accordingly, the motion for default judgment is **GRANTED** as to Gray's claim for indemnification in the amount of $208,875.48.

As to the claim for indemnification for attorney's fees and expenses for investigating the subcontractors' and suppliers' claims, the General Indemnity Agreement states that the guarantors will indemnify Gray for these expenses.  Thus, this is not the circumstance where the Court must determine the reasonableness of the attorney's fees or expenses as is the case where the parties agreed to be responsible for a "reasonable" attorney's fees or "reasonable" expenses.  Generally, the Court must engage in a determination as to whether the expenses and attorney fees are reasonable.  *See Huntley v. Regions Bank*, 807 So. 2d 512, 517-519 (Ala. 2001) (outlining the factors for consideration when determining whether an attorney's fee is reasonable). In this case, the guarantor defendants bound themselves to an indemnification agreement which does not call for a determination as to the reasonableness of attorney's fees and expenses.  As to the expenses, the indemnity agreement required the guarantors to indemnify Gray from all expenses incurred for "the investigation of any claim submitted under any Bond" (doc. 18-1, p. 3, doc. 18-2). Gualdron explains that Gray has "incurred consultant fees, costs and expenses totaling $47,420.98 in the investigation, defense and settlement of claims asserted against its

---

[4]  The Court notes that subcontractor claims totaling $176,410.37 for the Walter Moore / Maddox Road Project (MCR-2000-111) remain under investigation and have not been paid.

[5]  *See supra* at page 5.

Performance and Payment Bonds." (doc. 18-1, p. 6).  Gualdron's affidavit indicates that approximately twenty-five (25) subcontractor or supplier claims were investigated and paid or under investigation. Therefore, Gray has provided sufficient factual evidence to support its claim for expenses and attorney's fees.

However, in the complaint, Gray sought attorney's fees and expenses in the total amount of $49,337.73  (doc. 1, doc. 11).  Since a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings[,]" Gray's motion for default judgment as to attorney's fees and expenses is **GRANTED** in the amount of $49,337.73.  Fed. R. Civ. P. 54(c).

Gray also moves for interest as permitted by law and included a claim for interest in its complaint and amended complaint. Gray does not point the Court to any provision in the General Indemnity Agreement which sets an agreed-upon interest rate nor a controlling law provision. Thus, since this action is before the Court on basis of diversity jurisdiction, the Court will apply the law of the forum state, Alabama. In that regard, pre-judgment interest is generally available for breach of contract, Ala. Code § 8-8-8, and where no written agreement or contract sets the interest rate "... the legal rate of prejudgment interest is six percent per annum . . ." *Rhoden v. Miller,* 495 So.2d 54, 58 (Ala. 1986); *West Ala. Health Serv., Inc. v. J.T. May Drugs, Inc.*, 608 So.2d 749 (Ala. Civ. App. 1992).  Calculating interest at the rate of 6% per annum on $208,875.48 from the date of filing the complaint, April 18, 2011, to date, yields $12,087.68. Accordingly, the motion for default judgment is **GRANTED** as to Gray's claim for interest as allowed by law in the amount of $12,087.68.

Title 28 U.S.C. §1961 provides for interest "on any money judgment in a civil case recovered in a district court."  Therefore, post-judgment interest shall accrue at the federal rate set forth in 28 U.S.C. §1961.

VI. Conclusion

For the reasons set forth herein, Gray's motion for default judgment is **GRANTED** and

default judgment is due to be entered in the amount of $208,875.48, plus accrued interest in the amount of $12,087.68, for a subtotal of $220,963.16, plus attorney's fees and expenses in the amount of $49,337.73, for a total of $270,300.89.

The motion for default judgment as to the claims under investigation for the Walter Moore Road/Maddox Road Project (MCR-2000-111) for which a sum certain has not yet been paid, is **DENIED**.

A separate Judgment consistent with the terms of this Order shall issue contemporaneously herewith.

The Clerk is directed to mail a copy of this Order to the defendants at their address of record.

DONE this the 4th day of April, 2012.

**s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**