IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE GRAY CASUALTY AND SURETY COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 11-0184-KD-N |
| McCONNELL CONTRACTING, LLC, *et al*, ) ) ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on plaintiff The Gray Casualty and Surety Company's amended motion for default judgment and evidence in support (docs. 23, 24). Upon consideration and for the reasons set forth herein, the motion is **GRANTED**.[1]

I. Procedural history

In April 2011, the Gray Casualty and Surety Company (Gray) filed its complaint for indemnity and exoneration of surety alleging that defendants McConnell Contracting, LLC, William C. Mills, Bria J. Mills, Ben C. McConnell and Amy McConnell had defaulted on their General Indemnity Agreement executed in favor of Gray wherein they agreed to indemnify Gray from losses which might result from the issuance of Performance and Payment Bonds for certain road projects in Mobile County, Alabama (doc. 1).

In April 2011, the defendants were served with the summons and complaint and their responses were due in mid May 2011 (docs. 4-8). Defendants did not answer, respond or

---

[1] Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the Court may conduct a hearing to enter a judgment if the Court needs to "conduct an accounting", "determine the amount of damages", "establish the truth of any allegation by evidence" or "investigate any other matter." Upon review of the pleadings, the Court finds that a hearing is not necessary. *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1231-32 & n. 13 (11th Cir. 2005) (where "all essential evidence is already of record," a hearing is generally not required).

otherwise defend this action. Gray amended its complaint at the Court's direction to properly allege the citizenship of the LLC and thus properly allege diversity jurisdiction, but there was no amendment to the substantive claims against the defendants (doc. 11). The amended complaint was served upon the defendants by U.S. mail at their last known address (doc. 11). Defendants did not respond to the amended complaint. Gray filed an application for entry of default which was served upon defendants and default was entered (docs. 12, 13). Gray filed a motion for default judgment and supporting affidavit which were also served upon the defendants and they did not respond (docs. 17, 18). This Court entered an order granting in part the motion for default judgment and entered judgment (docs. 19, 20). Gray has now filed and served an amended motion for default judgment with supporting exhibits (docs. 23, 24). Defendants have not filed a response.

II. Jurisdiction

The Court previously determined that it had subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and personal jurisdiction over the defendants. (doc. 19). Additionally, Gray certified that it mailed a copy of the amended complaint, the application for entry of default,[2] and motion for default judgment to the defendants at their last known address (docs. 11, 12, 17, certificates of service). Gray now certifies that it has mailed a copy of the amended motion for default judgment and supporting exhibits to the defendants (docs. 23, 24). Therefore, defendants have been served with notice of the amended motion for default judgment and the evidence as to the amount for which Gray seeks indemnification.

III. Findings of Fact

---

[2] When Gray first applied for entry of default (doc. 9), a question arose as to the citizenship of the members of McConnell Contracting, LLC. The Court denied the application and Gray was ordered to amend its complaint to properly allege the citizenship of the LLC(doc. 10). Gray did so and filed its amended complaint (doc. 11). Thus, defendants have twice been served with notice of the application of entry of default as well as the amended complaint. (*See* Certificate of Service, docs. 9, 11, 12).

Upon consideration of the pleadings, the Court makes the following findings of fact:

Gray issued a series of Performance and Payment Bonds (the Bonds) on behalf of defendant McConnell Contracting, LLC (the LLC) and in favor of Mobile County, Alabama, for work to be performed on certain road projects in Mobile County, Alabama. The LLC, William C. Mills, Bria J. Mills, Ben C. McConnell and Amy McConnell executed a General Indemnity Agreement (GIA) in favor of Gray as surety should the LLC not perform or pay as required under its contract with Mobile County, Alabama. The LLC failed to pay certain subcontractors and suppliers on the projects, the County found it in default, and pursued the Bonds (doc. 1, complaint, doc. 11, amended complaint, doc. 18-1, Affidavit of Ivette Gualdron, Surety Claims Counsel for Gray).

In the complaint, Gray alleges that it had made demand to the defendants for indemnification in the amount of $198,883.82 to cover potential losses, costs and expenses arising from the subcontractors and suppliers' claims under investigation but not yet paid (doc. 1, doc. 11). Gray also sought reimbursement for claims received, investigated, and paid to subcontractors and suppliers' claims in the amount of $192,709.11 (*Id.*). Gray also sought reimbursement for claims under investigation but the amount of those claims was unknown at the time of filing the complaint (*Id.*)

As of the filing of the motion for default judgment, Gray had paid the respective suppliers and subcontractors for most but not all of the projects under bond. The projects and claims paid were set out in this Court's order of April 5, 2012 (doc. 19). However, as to the Walter Moore / Maddox Road (MCR-2000-111) project, certain subcontractor claims that were under investigation at the time of the complaint remained under investigation. Therefore, the Court denied entry of default judgment as to that project on basis that a sum certain had not yet been ascertained. The Court entered judgment as to the claims paid (docs. 19, 20).

Gray now moves the Court for default as to the defendants and to amend the judgment to include the payment to be made to Hosea O. Weaver & Sons, Inc., in the amount of $164,334.37

in satisfaction of its claim for non-payment for services previously rendered at the request of defendants on the Walter Moore / Maddox Road project and to include the sum of $189,000.00 to be paid to Weaver & Sons to complete the project as provided in the terms of the performance bond as to the LLC.  Gray seeks to amend the judgment as to defendants, separately and severally, from $270,300.89 to $623,635.26 (doc. 23, doc. 23-3, Affidavit of Christina Kocke, Surety Claims Counsel with Gray Casualty & Surety Company).

In support, Gray has provided the Court with Kocke's affidavit stating the amounts to be paid, a copy of the takeover agreement between Gray and the Mobile County Commission whereby Gray as the surety on the LLC's performance bond is bound to complete the unfinished project (doc. 23-2).  Gray also provides a copy of the completion contract between Gray and Weaver & Sons wherein Weaver & Sons agree to complete all work for the sum of $189,000.00 (doc. 24-1).  Also, as part of the completion contract, Gray agrees to pay Weaver & Sons, the sum of $164,334.37, for its claims incurred before the default of the LLC.

The General Indemnity Agreement signed by the guarantor defendants requires as follows:

> (6) <u>Indemnification</u> The Indemnitors will indemnify, exonerate and hold
> the Surety harmless from all loss, liability, damages and expenses
> including, but not limited to, court costs, interest, and attorney's fees,
> which the Surety incurs or sustains
>
> > (a) because of having furnished any Bond,
> > (b) because of the failure of an Indemnitor to discharge any
> > obligation under this Agreement,
> > (c) in enforcing any of the provision of this Agreement,
> > (d) in pursuing the collection of any loss incurred,
> > hereunder,
> > (e) in the investigation of any claim submitted under any
> > Bond, or
> > (f) any expense related to the defense of the Bond(s).

(Doc. 1, Complaint, Exhibit A).

Defendants did not respond to the complaint, the application for entry of default, the first motion for default judgment, or the amended motion for default judgment.  Therefore,

defendants have raised no defense to Gray's allegation of breach of the General Indemnity Agreement or any defense to the provisions therein which bind defendants to indemnify, exonerate and hold Gray harmless from the losses, liabilities, and damages as evidenced by Gray's submissions. Defendants did not dispute their default on the project, the takeover agreement with Mobile County or the completion contract with Weaver & Sons.

IV. Standard of review

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. Fed. R. Civ. P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the clerk must enter default. Fed.R.Civ.P. 55(b)(1). In all other circumstances, such as here, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

The Court of Appeals for the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id*. (emphasis omitted). Therefore, Gray must establish a "prima facie liability case" against the defendants. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).

Also, when assessing default judgment damages, the Court has "an obligation to assure

that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

V.  Analysis

Upon review of the pleadings, the Court is satisfied that the well-pleaded allegations state a basis for relief and that there is a substantive, sufficient factual basis for the relief sought by Gray. Specifically, Gray has provided sufficient evidence that the parties entered into a General Indemnification Agreement pursuant to which Gray may seek indemnification and exoneration from the defendants. *See Frontier Ins. Co. v. International, Inc.*, 124 F.Supp.2d 1211, 1214 (N.D. Ala. 2000) (finding that "based on both contractual and statutory rights, where a surety has sufficiently demonstrated that it has made payments on bonds issued on behalf of its principal, the surety may recover those payments, interest, and expenses, including attorney's fees, as a matter of law"). Additionally, Gray has provided sufficient evidence of the amount spent or under contract to be spent to pay Weaver & Sons' claims and to complete the Walter Moore /Maddox Road projects. (*See* Kocke's affidavit, (doc. 23-3), the takeover agreement (doc. 23-2), and the completion contract (doc. 24-1).

However, Rule 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount what is demanded in the pleadings." Fed. R. Civ. P. 54(c). At the time of the complaint, Gray made demand for reimbursement of subcontractor and supplier claims already paid and made demand for indemnification in the amount of $164,334.37 for claims by Weaver & Sons for the Walter Moore / Maddox Road project but under investigation at that time (doc. 1, doc. 11). Gray also alleged as a basis for its claims for relief that Mobile County had declared McConnell Contracting in default of it obligations as to the Walter Moore / Maddox Road project, that Gray had made arrangements to complete the project in accordance with the terms

of the performance bond and applicable law, and that the total loss was unknown at that time (doc. 1, p. 7).

Gray now states that the loss is made certain. Gray is bound by the takeover agreement with the Mobile County Commission to enter into an agreement with a contractor to complete the unfinished project (doc. 23-2). Gray is under contract to pay $189,000.00 to Weaver & Sons for the completion of the project and to pay $164,334.37 to satisfy Weaver & Sons' claims for a total of $353,334.37 (doc. 23-3). Accordingly, the amended motion for default judgment is due to be granted as to Gray's claim for indemnification in the additional amount of $353,334.37.

VI. Conclusion

For the reasons set forth herein, Gray's amended motion for default judgment is **GRANTED** and default judgment is entered in the amount of $353,334.37.

A separate Amended Judgment consistent with the terms of this Order shall issue contemporaneously herewith.

The Clerk is directed to mail a copy of this Order to the defendants at their address of record.

DONE this the 26th day of September, 2012.

    s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**